**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| GETZELL JOHNSON MURRELL, § | |
| *Petitioner*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:16-CV-02140 |
| § | |
| LORIE DAVIS, § | |
| Director of the Texas Department of § | |
| Criminal Justice - Correctional § | |
| Institutions Division, § | |
| *Respondent*. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Getzell Johnson Murrell, a Texas state inmate, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction for capital murder with a deadly weapon. This matter was referred to this magistrate judge for report and recommendation (Dkt. 5) by District Judge Lynn Hughes. Murrell currently has another habeas petition before the Fifth Circuit stemming from the same judgment of conviction. *Murrell v. Davis*, Fifth Circuit Court of Appeals Dkt. No. 16-40821. After reviewing the petitions and applicable law, the Court finds that this case should be transferred to the Tyler Division of the Eastern District of Texas.

Because Murrell is confined pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over the petition is governed by 28 U.S.C. § 2241(d), which provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed

1

in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

The Fifth Circuit has clarified that under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of two places: (1) in the district in which the state court conviction was entered, or (2) the district within which the petitioner is incarcerated. *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000). Accordingly, a district court for the district in which an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d).

Murrell was convicted in the 3rd Judicial District Court of Anderson County, Texas. On March 9, 2016, he filed a separate petition that stems from the same judgment of conviction in the Eastern District. This Court concludes that justice would be better served if this case were transferred to the Tyler Division of the Eastern District of Texas, where the state court in which the petitioner was convicted and sentenced is located.

Therefore, this habeas corpus proceeding should be transferred to the United States District Court for the Eastern District of Texas, Tyler Division.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review

of factual findings or legal conclusions, except for plain error. See rule 8(b) of the Rules governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on October 25, 2016.

Stephen Wm Smith
United States Magistrate Judge