IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GETZELL JOHNSON MURRELL, #1954144 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1317 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Getzell Johnson Murrell, an inmate confined in the Texas prison system, proceeding *pro se*, brings the above-styled and numbered petition for a writ of habeas corpus challenging his 1993 Anderson County conviction for capital murder. The petition was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #19) concluding that the petition should be dismissed as time-barred in light of the one-year statute of limitations. Mr. Murrell has filed objections (Dkt. #21).

In 1992, Mr. Murrell engaged in a crime spree, which the Fifth Circuit discussed as follows:

> After sexually assaulting his estranged wife, Getzell Johnson Murrell burned down her home because she reported the incident to the police. A few days later he set her grandparents' house ablaze, killing a cousin who attempted to douse the flames. Murrell pleaded guilty in Texas state court to sexual assault with a deadly weapon and capital murder, receiving life sentences. He also pleaded guilty to federal charges: two counts of arson in violation of 18 U.S.C. § 844(i), and one count of possession of a firearm during a crime of violence in contravention of 18 U.S.C. § 924(c)(1). The district court imposed what it believed to be the statutory maximum sentences: two ten-year terms and one five-year term, each to run consecutively for a total of 300 months of imprisonment.

*United States v. Murrell*, No. 93-5008, 1994 WL 57379, at *1 (5th Cir. Feb. 11, 1994). His federal

1

convictions were affirmed. *Id.* He then filed a collateral challenge to the convictions, which was denied. *Murrell v. United States*, No. 6:97cv382 (E.D. Tex. Dec. 18, 1998), *aff'd*, No. 99-40150, 2000 WL 992257 (5th Cir. June 23, 2000). After serving his federal sentences, Mr. Murrell was sent to the Texas prison system, and he started filing collateral challenges to his state convictions. On March 9, 2016, he filed a petition for a writ of habeas corpus challenging his aggravated sexual assault conviction, which was dismissed as time-barred. *Murrell v. Director, TDCJ-CID*, No. 6:16cv199 (E.D. Tex. May 4, 2016). He subsequently filed the present petition challenging his capital murder conviction on July 14, 2016. Magistrate Judge Love concluded in the Report and Recommendation that the present petition should likewise be dismissed as time-barred.

Mr. Murrell argues in his objections that he is entitled to equitable tolling. He asserts that state and federal officials engaged in misconduct and erected barriers that impeded his efforts to challenge his conviction. He acknowledges that PACER reveals that he previously filed sixteen cases in federal court dating back to 1994, but he stresses that four of these cases concern the failure of state officials and its agents failing to comply with a legal duty owed to him. In his petition, he specifically complained that federal prison officials failed to provide him an adequate law library with respect to Texas law.

The United States Supreme Court held that AEDPA's one-year statute of limitations may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549, 2561 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Id.* at 649, 130 S. Ct. at 2562. Following *Holland*, the Fifth Circuit held that

inadequacies in a prison law library do not warrant equitable tolling. *Kate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011). Mr. Murrell has not shown that some extraordinary circumstances stood in his way and prevented timely filing. Indeed, as Magistrate Judge Love noted, Mr. Murrell has filed sixteen cases in federal courts dating back to 1994. He is capable and knowledgeable about filing cases in federal court. Nothing prevented him from filing cases in federal court. Furthermore, he has not been diligent in pursuing his rights. The filing of the present petition twenty-three years after he was convicted does not show due diligence. Mr. Murrell is not entitled to equitable tolling. The petition is time-barred.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Murrell to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Murrell's objections are without merit. Therefore the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

**So Ordered and Signed**
**Jan 27, 2017**

_____
Ron Clark, United States District Judge